

1 | WILLIAM C. LAST, JR. (083588)
   | FREDERICK J. NORTHROP (142614)
2 | fjnorthrop@lf-lawyers.com
   | LAST & FAORO
3 | 520 South El Camino Real, Suite 430
   | San Mateo, California 94402
4 | Telephone: (650) 696-8350
   | Facsimile: (650) 696-8365
5 |
   | Attorney for: Belcan Engineers
6 |
   | **E-filing**
7 |
8 |
   | UNITED STATES DISTRICT COURT
9 |
   | FOR THE NORTHERN DISTRICT OF CALIFORNIA
10 |
   | SAN FRANCISCO DIVISION
11 |
   | BELCAN ENGINEERS,            NO. _____ 28891
12 |
   | Plaintiff,                   **COMPLAINT FOR COPYRIGHT**
13 |                              **INFRINGEMENT AND UNFAIR**
   | vs.                          **TRADE PRACTICES, BREACH OF**
14 |                              **CONTRACT, AND BREACH OF THE**
   | MOHAMMED KARWASH,            **COVENANT OF GOOD FAITH AND**
15 |                              **FAIR DEALING**
   | Defendant
16 |
   |                              **JURY DEMANDED**
17 |

18 | Plaintiff alleges:

19 | **FIRST CAUSE OF ACTION**

20 | **COPYRIGHT INFRINGEMENT**

21 |     1. This action arises under the Act of October 19, 1976, Title I §101, 90 Stat 2541; 17

22 | U.S.C. §501; and this court has jurisdiction under the Act of June 25, 1948, c. 646, 62 Stat.

23 | 931; 28 U.S.C. §§1338 and 1367(a).

24 |     2. Venue is proper in this District because both plaintiff and defendant have their

25 | principal place of business in the County of San Mateo, State of California and because process

26 | may be served on the defendant in this District. Assignment to the San Francisco Division is

27 |

28 |
   | **COMPLAINT**
   |                              -1-

proper under Local Rule 3-2 because the parties reside and do business in the County of San Mateo.

3. Before October 28, 2005, plaintiff Belcan Engineers, who then was and ever since has been a citizen of Canada, created and printed an original set of architectural drawings entitled "Newbridge Development."

4. Canada and the United States are signatories to the Berne Convention for the Protection of Literary and Artistic Works.

5. This architectural work contains a large amount of material wholly original with plaintiff and is copyrightable subject matter under the laws of the United States.

6. Plaintiff complied in all respects with the Act of October 19, 1976, Title I §101, 90 Stat 2541; 17 U.S.C. §401-412, and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyright of the above-entitled work, and received from the Register of Copyrights a Certificate of registration, dated March 11, 2008 identified Registration Number VA 1-638-725.

7. Since March 11, 2008, the above entitled work has not been published or otherwise disseminated by plaintiff.

8. Since March 11, 2008, plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyright in the above-entitled work.

9. After March 11, 2008, defendant Mohammed Karwash infringed plaintiff's copyright by causing further architectural drawings to be prepared and by constructing a structure which was copied largely from plaintiff's copyrighted work entitled Newbridge Development.

10. A copy of plaintiff's copyrighted work is attached hereto as Exhibit 1. No copy of the defendant's infringing work is attached because plaintiff does not possess any of the drawings and because the building itself cannot be attached. A photograph of the building under construction is attached hereto as Exhibit 2.

**COMPLAINT**

-2-

1

2

11. Plaintiff has notified defendant that defendant has infringed the copyright of plaintiff, and defendant has continued to infringe the copyright.

3

4

5

6

12. After March 11, 2008, and continuously since, defendant has caused drawings to be prepared and a building to be constructed which are substantially similar to the copyrighted work and has thereby been engaging in unfair trade practices and unfair competition against plaintiff to plaintiff's irreparable damage

7

## SECOND CAUSE OF ACTION

8

## BREACH OF CONTRACT

9

13. Plaintiff incorporates paragraphs 1 and 2 of the First Cause of Action.

10

11

12

13

14. Between June 21, 2004, and June 1, 2005, Plaintiff and Karwash entered into a series of transactions whereby plaintiff agreed to produce plans and specifications in connection with the development of property owned by Mr. Karwash and located at 907 East Newbridge, East Palo Alto (the "Property").

14

15

16

15. The work was to be accomplished in stages and while the parties contemplated seeing the work through to completion of the improvement, each stage is represented by a separate proposal.

17

18

19

16. The first agreement is for conceptual and preliminary design and is dated June 21, 2004 A true copy of the first agreement is attached as Exhibit 3, and thereby incorporated into this complaint.

20

21

22

17. The second agreement is for Surveying Services and is dated September 1, 2004. A true copy of the second agreement is attached as Exhibit 4, and thereby incorporated into this complaint.

23

24

25

18. The third agreement is for Engineering Services relating to site grading and utilities necessary to obtain planning department approval and is dated June 1, 2005 A true copy of the third agreement is attached as Exhibit 5, and thereby incorporated into this complaint.

26

27

28

19. Pursuant to the agreements and course of dealing between the parties, Plaintiff designed and rendered drawings submitted to the local planning department in order to secure

**COMPLAINT**

-3-

approval of a development permit. The parties agreed that these drawings remained the property of Plaintiff. A true copy of the drawings is attached as Exhibit 1.

20. Following approval of the project by the planning department, Karwash told plaintiff not to proceed with the next phase of design, because the project was being delayed to obtain further funding.

21. Pursuant to the aforesaid agreements and course of dealing, the parties agreed that ownership and all rights in the drawings were reserved to Plaintiff and that Karwash's use of the drawings was limited to the purposes of the agreements, that is, to obtain planning department approval of a conceptual design and that Karwash would make no use thereof except as expressly allowed.

22. Defendant breached the agreements by copying the drawings, and by using them to derive derivative graphic and architectural works without attribution or compensation to plaintiff. Defendant further breached the agreements by failing to pay all sums due under the agreements.

23. Plaintiff has been injured in the estimated amount of $99,000, by said breaches in that it has been deprived of its property and the opportunity to prepare graphic and architectural works from them. Plaintiff has further been damaged in the amount of $4,250 in unpaid fees.

**THIRD CAUSE OF ACTION BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

24. Plaintiff incorporates paragraphs 1 and 2 of the First Cause of Action and paragraphs 14 through 22 of the Second Cause of Action.

25. The agreements incorporate an implied duty of good faith and fair dealing between the parties such that no party may act in a way that injures the rights of the other or prevents that party from realizing the benefits of its agreement.

26. By copying and deriving graphic and architectural works from the plaintiff's drawings, Karwash breached the duty of good faith and fair dealing.

**COMPLAINT**

-4-

27. Plaintiff has been injured by said breaches in that it has been deprived of its property and the opportunity to prepare graphic and architectural works from them.

**PRAYER**

WHEREFORE, plaintiff demands judgment from defendant as follows:

1. That defendant, his or her agents, and servants be enjoined during the pendency of this action and permanently from infringing the copyright of plaintiff in any manner;

2. That defendant be required to pay to plaintiff such damages as plaintiff has sustained in consequence of defendant's infringement of plaintiff's copyright, breach of contract, breach of the covenant of good faith and fair dealing, and the unfair trade practices and unfair competition, and to account for:

    a. All gains, profits, and advantages derived by defendant by said trade practices and unfair competition; and

    b. All gains, profits, and advantages derived by defendant by his or her infringement of plaintiff's copyright or such damages as the court shall deem proper within the provisions of the copyright statutes, but not less than \$250;

3. That defendant deliver up to be impounded during the pendency of this action all copies of said work entitled Newbridge Development in his or her possession or under his or her control and deliver up for destruction all infringing copies and all plates, molds, and other matter for making such infringing copies;

4. That defendant pay to plaintiff the costs of this action and reasonable attorney's fees to be allowed to the plaintiff by the court;

5. That plaintiff have such other and further relief as is just.

June 24, 2009                                    LAST & FAORO

                                                 Frederick J. Northrop
                                                 Attorney for Belcan Engineers

**COMPLAINT**

-5-

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

3

Civil Procedure.

4

June 24, 2009                                        LAST & FAORO

5

6

7                                                    _____
                                                          Frederick J. Northrop
8                                                     Attorney for Belcan Engineers

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

-6-



## SHEET INDEX

| | |
|---|---|
| A0-0 | PROJECT DATA |
| A0-1 | SITE PLAN |
| A1-1 | PROPOSED 1st FLOOR PLAN |
| A1-2 | PROPOSED 2nd FLOOR PLAN |
| A1-3 | PROPOSED ROOF PLAN |
| A2-1 | PROPOSED ELEVATIONS |
| A2-2 | PROPOSED ELEVATIONS |
| A3-1 | SITE PHOTOS |

## VICINITY MAP

**OWNER**
MOHAMMED KARWASH
1209 WILLOW ROAD
MENLO PARK, CA 94025

**ENGINEER**
BELCAN ENGINEERS
480 LYTTON AVENUE, STE. 9
PALO ALTO, CA 94301
(650) 329-9255
CONTACT: ZORAN MILENKOVIC, PE

## PROPERTY DATA

PROJECT DESCRIPTION: MERGE TWO VACANT LOTS TO CONSTRUCT A SMALL MIXED-USE COMPLEX
CONTAINING TWO COMMERCIAL / RETAIL UNITS AT GROUND LEVEL AND THREE RESIDENTIAL APARTMENTS AT
THE SECOND STORY.

A. APN:
062-114-210
062-114-220

B. ZONING:
C-1/3

C. FLOOD ZONE:
X

D. LOT AREA:
9,240 sf ( 2 LOTS AT 55'x84' )

E. BUILDING AREAS:
4,046 sf (FOOTPRINT)
8,030 sf (TOTAL AREA)
(GFA / 160)
6 COMMERCIAL SPACES

4-5 RESIDENTIAL SPACES  ( 1.2 + 1.2 + 1.5 = 3.9 )

F. REQUIRED COVERED PARKING.

G. PARKING LOT AREA
4,047 SQ.FT.

H. REQUIRED LANDSCAPING
202 SQ.FT. ( PLA x .05 )

I. SETBACK

| | PROPOSED | REQUIRED ( C-1 ) | | REQUIRED ( S-3 ) |
|---|---|---|---|---|
| FRONT YARD | 0 | 0 | | 20-0 |
| SIDE YARD (LEFT) | 3-0 | 3-0 | | 5-0 |
| SIDE YARD (RIGHT) | 5-6 | 3-0 | | 5-0 |
| REAR YARD | 48-0 | 6-0 | | 20-0 |

J. OCCUPANCY GROUP
BUSINESS

K. TYPE OF CONSTRUCTION
TYPE V, 1 HR CONSTRUCTION

| | COMMERCIAL #1 | COMMERCIAL #2 | | | SUBTOTAL |
|---|---|---|---|---|---|
| RETAIL - GFA | 501 sf | 406 sf | | | 907 sf |
| RETAIL - ACCESSORY | 1,634 sf | 1,044 sf | | | 2,738 sf |
| GEN. CIRCULATION | --- | --- | | | 438 sf |
| GARBAGE/RECYCLING | --- | --- | | | 300 sf |
| MECHANICAL | | | | | 413 sf |
| | | | | | 4,046 sf |

| | RESIDENTIAL #1 | RESIDENTIAL #2 | RESIDENTIAL #3 | | SUBTOTAL |
|---|---|---|---|---|---|
| GFA | 1,114 sf | 924 sf | 976 sf | | 3,014 sf |
| EXTERIOR | 91 sf | 91 sf | 96 sf | | 278 sf |
| | | | | | 3,392 sf |

| TOTAL | | | | | 7,378 sf |

**COVER / PROJECT DATA**

BELCAN ENGINEERS

NEW MIXED USED DEVELOPMENT FOR:
FOR: MOHAMMED KARWASH
NEWBRIDGE PLACE
907 NEWBRIDGE ST.
EAST PALO ALTO, CA

A0.0



PROPOSED FIRST FLOOR PLAN

UNIT #1:
KITTY CLEANERS

UNIT #2:
TAILOR

NEW MIXED USED DEVELOPMENT FOR
FOR MOHAMMED SARVASH

NEWBRIDGE PLACE
907 NEWBRIDGE ST.
EAST PALO ALTO, CA

BELCAN
ENGINEERS

A1.1








PROPOSED SECOND FLOOR PLAN

PROPOSED ROOF PLAN

A1.3

FRONT (NEWBRIDGE) ELEVATION

SIDE (SARATOGA) ELEVATION

BELCAN
ENGINEERS
3801 EAST LAYTON AVENUE, SUITE 8
PALO ALTO, CALIFORNIA 94303
P. 650 326 9292
F. 650 326 9393

NEW MIXED USED DEVELOPMENT FOR:
NEWBRIDGE PLACE
907 NEWBRIDGE ST.
EAST PALO ALTO, CA
NOE MOHAMMED SARVASH

A2.1

REAR (RESIDENTIAL) ELEVATION

SIDE (WILLOW RD) ELEVATION

BELCAN ENGINEERS

NEWBRIDGE PLACE
907 NEWBRIDGE ST.
EAST PALO ALTO, CA

A2.2

KEY PLAN

SARATOGA AVENUE

NEWBRIDGE STREET

WILLOW ROAD
(STATE ROUTE 114)

ADJACENT NEIGHBORHOOD

ADJACENT NEIGHBORHOOD - SARATOGA AVE. ELEVATION

ADJACENT NEIGHBORHOOD - NEWBRIDGE ST. ELEVATION

ADJACENT NEIGHBORHOOD - WILLOW RD. ELEVATION

NEW MIXED USED DEVELOPMENT FOR:
FOR: MOHAMMED BARAKAH

NEWBRIDGE PLACE
907 NEWBRIDGE ST.
EAST PALO ALTO, CA

BELCAN
ENGINEERS

A3.1







EXISTING VIEW FROM THE CORNER OF NEWBRIDGE ST. AND SARATOGA AVE.

PROPOSED VIEW FROM THE CORNER OF NEWBRIDGE ST. AND SARATOGA AVE.

NEW MIXED USED DEVELOPMENT FOR:

NEWBRIDGE PLACE
907 NEWBRIDGE ST.
EAST PALO ALTO, CA

FOR: MOHAMMED KARIMZAH

BELCAN ENGINEERS

A3.2







**BELCAN** ENGINEERS
PROFESSIONAL ENGINEERING SERVICES



## Proposal for Services

Attn: Mr. Mohammed Karwash
1209 Willow Road
Menlo Park, CA 94025

June 21, 2004

**Re:** Design Services
For Commercial Facilities at 907 Newbridge Street, East Palo Alto, CA 94303

Dear Mohammed:

In accordance with our conversation last week, we are pleased to submit a proposal for Design Services to you for the design of a new commercial building for your property on 907 Newbridge Street. This letter of agreement shall serve as a contract under which the work outlined in the following paragraphs shall begin. The project described is for the design of a commercial facility with 3+ units for retail rental (exact use to be defined before design process is initiated).

Due to the complexities involved in creating a commercial building, we would like to propose an initial design phase in which to address these issues, so that you may,

1) Determine the feasibility of the project,

2) End up with a design that suits both your purposes and the space available, and

3) More realistically expect permit approval from the City of East Palo Alto

The issues which will affect this project specifically are described below:

1. Lot merger - Currently, the property you own at 907 Newbridge is divided into two lots. In order to comply with the City of East Palo Alto's (EPA) planning requirements and to create an efficient and effective design, it would be desirable to merge the lots. This should not be a difficult process, but is definitely an issue to be addressed now, at the design phase so that it may be resolved before the permit process begins.

2. Residential zone border - Your property is zoned as commercial, but, as planning regulations dictate, since it is bordering a residential zone, we will be required to use the setback requirements of a residential lot which are more strict (take up more space) than typical commercial setbacks. It is possible that a successful design may be achieved even with the restrictions of a residential border. However, it might be most beneficial to design a structure that oversteps these restrictions in order to fully incorporate your goals into the design. We can then take that ideal design to the planning committee to prove the necessity of non-compliance w/ original setback restrictions and ask for a variance in the hope that they will realize the improbability of the original restrictions and grant approval for a design that you would actually like to build.

3. Undefined design requirements – in order for a permit to be issued, the proposed design must state for what use the proposed commercial space(s) is designed. This use can be changed through issuance of another permit at a later date if so required, but must be decided initially in order to create an efficient design and be able to begin the permit process correctly.

It is our understanding that you will require a complete set of permit documents for this new construction project. At this point, we propose to address the initial design of the project, with the goal of completing permit documents once design is finalized and the possibility of approval from the EPA planning department is achievable

Section 1.0 provides a brief description of the services we will provide:

## 1.0  SCOPE OF SERVICES

As part of our services, we will undertake the following activities

### ARCHITECTURAL / STRUCTURAL ENGINEERING

- Develop conceptual design(s) addressing planning / design issues.
- Prepare preliminary design schematics based on a chosen conceptual scheme for owner's approval.

### SERVICES NOT PROVIDED

- Soil investigations.
- Title 24 Energy Calculations
- Drainage and Grading plans
- Legal survey or boundary plan by a Licensed Land Surveyor

### 2.0  FEES

Project fee for services described under Section 1.0 is set as following:

| | |
|---|---|
| **SCHEMATIC DESIGN** | **$7,000** |

REIMBURSABLE            as per 3.0 Schedule of Rates

The client will pay for all permit application fees, user or other related fees required by the local authorities for the completion of this project.

**A retainer of 10% or $700 will be required to initiate the project.**

We propose to carry out the project design on a **fixed fee** basis as listed above. However, should our services be required beyond the scope of work as defined under Section 1.0, either a new contract will be created or the work will be undertaken on a time / materials basis. Section 3.0 provides cost breakdown for work performed on a time / materials basis.

### 3.0  SCHEDULE OF RATES

| | | | | |
|---|---|---|---|---|
| Mailing: | 1.15 x cost | | Principal Designer/Engineer | $100/hr. |
| Blueprint reproductions: | 1.15 x cost | | Drafter | $60/hr. |
| Copies of calculations: | 10c per sheet | | Attendance at meetings and/or hearings | per Hours above |
| Long distance telephone: | 1.15 x cost | | | |

## PAYMENT

Payment for services shall be made in the name of, and delivered to:

**Belcan Engineers.**
**480 Lytton Avenue, Suite 9**
**Palo Alto, CA 94303**

Statements for the work will be rendered monthly in proportion to the amount of the work completed. Bills unpaid after one month shall be subject to a 1.5% per month charge (18% annually).

75% of the project fee (minus any retainer) will be due upon submission of the drawings for permit approval. The remainder of the project fee will become due after the drawings have passed design approval.

## TERMINATION

This Contract can be terminated only in writing at any time by either party. Client agrees that if the Client requests termination of the contract, final payment will be submitted no later than 48 hours from the contract termination date. In the event of termination, compensation will be required for all services performed up to the date of termination.

To the maximum extent permitted by law, the Client agrees to limit Elizabeth Riegle Design and Belcan Engineers liability for Client damages to the total fee for services rendered on this project. This limitation shall apply regardless of the cause of action or legal theory asserted.

Should we be unable to complete of any portion of the work due to factors beyond our control, the work performed up to that point will become due and payable.

We trust that the scope of work described above accurately reflects your needs. Should you find this proposal acceptable, we ask that you sign, date and return one copy of this document, along with the retainer fee to our office as our authorization to proceed.

We look forward to working with you on this project. Please call should you have any questions or wish to discuss any aspect of our proposal.

Yours very truly,

Zoran Milenkovic, PE
Principal
Belcan Engineers

Elizabeth Riegle
Principal
Elizabeth Riegle Design

ACCEPTED BY:

Name (please print)

Signature

Date

2000084 Ontario Inc. operating under business name Belcan Engineers is a corporation incorporated under the laws of the Province of Ontario since September 2000.
Corporations Tax account number issued by the Ontario Ministry of Finance is 7261417.

Zoran Milenkovic is a licensed Civil Engineer in the State of California with license number 64656.



**BELCAN** ENGINEERS
PROFESSIONAL ENGINEERING SERVICES

# Proposal for Services

Attn.: Mr. Mohammed Karwash

1209 Willow Rd
Menlo Park, CA 94025

September 1, 2004

**Re:**     Surveying Services
For parcel at 907 Newbridge Street, East Palo Alto CA 94303
APN:

Dear Sir:

We are pleased to provide a proposal for the property subdivision located at 907 Newbridge Street, East Palo Alto CA 94303, hereinafter called the "Project".

## 1.0  Surveying

As part of this contract agreement between Mr. Mohammed Karwash ("Client") and Belcan Engineers with its consultants ("Engineer"), Engineer will undertake the following activities:

1.     Boundary and Topographic Survey and Map and Lot Merger Application to the City of East Palo Alto for the subject property to determine the layout of the land and all existing improvements and natural features there upon as they relate to the boundary and merge the separate lots. The corners of the subject property shall be recovered and flagged or re-set with permanent markers.

Under this contract our scope of work excludes the following:

* Framing and foundation design;
* Geotechnical Investigations; and
* Civil design, such as drainage and grading plans.

## 2.0 Fees

Estimated project fee for services described under Section 1.0 is **$US 5,000** for Item 1.

Estimated project fee does NOT include any County, City and/or title company fees.

We propose to carry out our work on a fixed fee basis. Should our services be required beyond the scope of work as defined under Section 1.0, this work will be undertaken on a time basis. Such services are, but not limited to, application work, submittal work, etc. Section 3.0 provides cost breakdown for work performed on a time basis.

The fee quoted in this proposal may be subject to review if there are changes to the scope of work. All fees are valid for 30 days after submission of this document.

Should we be unable to proceed completion of any work segment due to the factors beyond our control, the work done until that point on that segment will become due and payable.

## 3.0 Schedule of Rates

| Automobile travel: | $0.45 / mile | Principal Engineer | $120/hr. |
|---|---|---|---|
| Signed plans | $50 / sheet | Principal Engineer with field crew | $200/hr. |
| Blueprint reproductions: | 80c per Sq.Ft. | Engineer | $80/hr. |
| Copies of calculations: | 25c per sheet | Drafter | $60/hr. |
| Long distance telephone: | 1.15 x cost | Architects/Owner/Client Revisions | per Hour |
| Mailing: | 1.15 x cost | Attendance at meetings and/or hearings | per Hour |

### Payment

Payment for services shall be made in the name of, and delivered to:

*Belcan Engineers.*
*480 Lytton Avenue, Suite 9*
*Palo Alto, CA 94301*

Statements for the work will be rendered monthly in proportion to the amount of the work completed. Full project fee is due upon completion of the work as described under Section 1. Bills unpaid 10 days after the billing date shall be subject to a 2% per month charge (24% annually). Additional provisions of contract agreement are listed in Exhibit "A" and by signing this contract Client acknowledges its receipt and accepts its content in full.

This Contract can be terminated only in writing at any time by either party. Client agrees that if Client requests contract termination, Client will submit final payment no later than 48 hours from the contract termination date.

To the maximum extent permitted by law, Client agrees to limit Belcan Engineers liability for Client damages to the total fee for services rendered on this project. This limitation shall apply regardless of the cause of action or legal theory asserted.

We trust that the above scope of work accurately reflects your needs. Should you find this proposal acceptable, we ask that you:

- Sign, date and return back to our office one copy of this document as our authorization to proceed; and
- Submit a retainer of **$2,500**.

Please call should you have any questions or wish to discuss any aspect of our proposal.

Yours very truly,

**Belcan Engineers**

Zoran Milenkovic, PE
*Principal*

**ACCEPTED BY:**

Name (please print)

Mohammed  Kirwas h

Signature
9 - 2 - 04

Date

(Fax this page to 650.329.9352)

2000084 Ontario Inc. operating under business name Belcan Engineers is a corporation incorporated under the laws of the Province of Ontario since September 2000. Corporations Tax account number issued by the Ontario Ministry of Finance is 7261417. Zoran Milenkovic is a licensed Civil Engineer in the State of California with license number 64656.

**EXHIBIT "A"**

**ADDITIONAL PROVISIONS OF AGREEMENT**

Page 3 of 3

The client and engineer agree that the following provisions shall be made a part of their agreement:

1.  The client binds himself, his partners, successors, executors, administrators, and assigns to the engineer to this agreement in respect to all of the terms and conditions of this agreement.
2.  In the event that the plans, specifications, and/or field work covered by this contract are those required by various governmental agencies and in the event that due to change of policy of said agencies after the date of this agreement, additional office or field work is required, the said additional work shall be paid for by the client as extra work.
3.  In the event that any staking is destroyed by an act of God or parties other than the engineer, the cost of restaking shall be paid for by the client as extra work.
4.  In the event of any increase of costs due to the granting of wage increases and/or other employee benefits due to the terms of any new labor agreement during the lifetime of this agreement, such increase shall be adjusted percentage-wise to all fees.
5.  The client shall pay the costs of checking and inspection fees, zoning and annexation application fees, assessment fees, bond premiums, title company charges, blueprints and reproductions, and all other charges not specifically covered by the terms of this agreement unless otherwise stated.
6.  All tracings, survey notes, and other original documents as instruments of service are and shall remain the property of the engineer, except where by law or precedent these documents become public property.
7.  Should litigation be necessary to enforce any term or provision of this agreement, or to collect any portion of the amount payable under this agreement, then all litigation and collection expenses, witness fees and court costs, and attorney's fees of both client and engineer shall be borne wholly by client.
8.  Fees and all other charges will be billed monthly as the work progresses, and the net amount shall be due at the time of billing.
9.  Any amounts not paid within twenty days of the billing date shall be considered delinquent, and shall bear a service charge of 2 per cent per month on the unpaid balance.
10. In the event of any litigation, client agrees to pay to engineer interest on all past due balances at the rate of ten per cent per annum.
11. Client hereby agrees that the balance is stated on the billing from engineer to client is correct, conclusive and binding on the client unless client within seven (7) days from the date of the making of the billing notifies engineer in writing of the particular item that is alleged to be incorrect.
12. In the event all or any portion of the work prepared or partially prepared by the engineer be suspended, abandoned, or terminated, the client shall pay the engineer for the work performed on an hourly basis.
13. In the event that client institutes a suit against engineer because of any failure or alleged failure to perform, error, omission, or negligence, and if such suit is not successfully prosecuted, or if it is dismissed, or if verdict is rendered for engineer, client agrees to pay engineer any and all costs of defense, including attorneys' fees, expert witness' fees, and court costs and any and all other expenses of defense which may be needful, immediately following the dismissal of or cause immediately upon verdict being rendered in behalf of engineer.
14. Neither the client nor engineer shall assign his interest in this agreement without the written consent of the other.
15. The engineer makes no representation concerning the cost figures made in connection with maps, plans, specifications, or drawings other than that all cost figures are estimates only and the engineer shall not be responsible for fluctuations in cost factors.
16. In the event of litigation on this agreement, the interpretation thereof, and all disputes or controversies arising, hereunder shall be governed by the laws of the State of California.
17. No conditions or representations, altering, detracting from, nor adding to the terms hereof shall be valid unless printed or written hereon or evidenced in writing by either party to this agreement and accepted in writing by the other.
18. All agreements on engineer's part are contingent upon, and engineer shall not be responsible for damages or be in default or be deemed to be in default by reason of, delays in performance by reason of strikes, lockouts, accidents, acts of God and other delays unavoidable or beyond engineer's reasonable control, or due to shortages or unavailability of labor at established area wage rate or delay caused by failure of owner or owner's agents to furnish information or to approve or disapprove engineer's work promptly, or due to late or slow, or faulty performance by owner, other contractors, or governmental agencies, the performance of whose work is precedent to or concurrent with the performance of engineer's work. In the case of the happening of any such cause of delay, the time of completion shall be extended accordingly.
19. In the event that litigation be instituted under the terms and conditions of this agreement, the same is to be brought and tried in judicial jurisdiction of the court of the county in which the engineer's principal place of business is located and client waives the right to have the suit brought, or tried in, or removed to any other county or judicial jurisdiction.
20. Engineer does not guarantee the completion or quality of performance of contract or the completion or quality of performance of contracts by the construction contractor or contractors, or other third party, nor is he responsible for their acts or omissions.
21. Engineer makes no warranty, either express or implied, as to its findings, recommendations, specifications, or professional advice except that these were promulgated after being prepared in accordance with generally accepted surveying practices.
22. Client agrees to cooperate in any and every way or manner with engineer on project.
23. Engineer makes no representations concerning estimates of areas. Estimates of areas are estimates only and are not intended as accurate unless such area is certified. Certified areas will only be given when requested in writing and at an additional cost.
24. In the event that any changes are made in the plans and specifications by the client or persons other than the engineer, which affects the engineer's work, any and all liability arising out of such changes is waived against the engineer and the client assumes full responsibility for such changes unless client has given engineer prior notice and has received from engineer written consent for such changes.
25. The engineer is not responsible, and liability is waived by client against engineer, for use by client or any other person of any plans or drawing not signed by engineer.
26. Upon written request, each of the parties hereto shall execute and deliver, or cause to be executed and delivered, such additional instruments and documents which may be necessary and proper to carry out the terms of this agreement.
27. The terms and provisions of this agreement shall not be construed to alter, waive, or affect any lien or stop notice rights, which the engineer may have for the performance of surveying services under this agreement.
28. One or more waivers of any term, condition or covenant by the engineer shall not be construed by the client as a waiver of a subsequent breach of the same or any other term, condition or covenant.
29. In the event client fails to pay engineer promptly or within sixty (60) days after invoices are rendered, then client agrees that engineer shall have the right to consider said default a total breach of this agreement and the duties of engineer under this agreement be terminated. In such event, client shall then promptly pay the engineer for all of the fees, charges and services performed by engineer on an agreed upon basis.
30. In the event any provision of this agreement shall be held to be invalid and unenforceable, the other provisions of this agreement shall be valid and binding on the parties hereto.
31. Services provided within this agreement are for the exclusive use of the client.
32. There are no understandings or agreements except as herein expressly stated.
33. Yo Ablo Inglese.



**BELCAN** ENGINEERS
PROFESSIONAL ENGINEERING SERVICES

# **PROPOSAL FOR SERVICES**

Attn: Mr. Mohammed Karwash
Quality Market
1209 Willow Road
Menlo Park, CA 94025

June 1, 2005

Re: Proposal for Engineering Services
For the New Development at 907 Newbridge Street, East Palo Alto, CA 94303

Dear Mohammed:

In accordance with the conversation with the East Palo Alto City Engineer Fernando Bravo, PE on several occasions since March 2005 regarding the additional requirements for the approval of planning application for the development mentioned above, we (the Engineer) are pleased to submit a proposal for Engineering Services to you (the Client) for the preliminary site grading. This letter of agreement between the Client and the Engineer shall serve as a contract under which the work outlined in the following paragraphs shall begin.

Section 1.0 provides a brief description of the services we will provide:

## **1.0 SCOPE OF SERVICES**

As part of our services, we will undertake the following activities

### **ENGINEERING**

As part of the engineering design, we will undertake the following activities:

1. Develop preliminary site grading plan according to the City of East Palo Alto development standards.
2. Develop final site grading plan when requested.
3. Locate existing city utilities that may/will provide service for the new development

Our scope of work excludes any soil investigations required for the foundation and/or retaining wall design. Please note that certain municipalities might require a geotechnical report prepared for each proposed development under their jurisdiction. Our project fee as outlined under Section 2.0 includes foundation design as per the geotechincal report recommendations but only if such recommendations are received before the structural plans have been submitted for permit approval.

### **SERVICES NOT PROVIDED**

• Soil investigations.
▫ Legal survey or boundary plan by a Licensed Land Surveyor

## 2.0 FEES

We propose to carry out the project design on a fixed fee basis. The project fee for services described under Section 1.0 is set as following:

- Engineering
  - Item 1 ................................................................... $ 3,000
  - Item 2 ............................................................................................to be determined at later time
  - Item 3 ................................................................... $   850
  - Sub-Total ................................................................... $ 3,850

TOTAL................................................................... $ 3,850  + Reimbursable expenses such as mailing and printing are charged as described under the Section 3.0

NOTE:  The Client is responsible for all permit application fees, user or other related fees required by the local authorities for the completion of this project.

## 3.0  SCHEDULE OF REIMBURSABLE RATES

Any services required beyond the scope of work as defined under Section 1.0 will be undertaken on a time / materials basis. The cost breakdown for such work is listed below. These expenses would only be engaged upon prior discussion and mutual agreement with the Client.

| | | | |
|---|---|---|---|
| Automobile travel: | $0.55 / mile | Principal Engineer/ Designer | $130/hr. |
| Signed plans | $50 / sheet | Engineer | $80/hr. |
| Blueprint reproductions: | 80c per Sq.Ft. | Drafter | $60/hr. |
| Copies of calculations: | 25c per sheet | Architects/Owner/Client Revisions | per Hour |
| Long distance telephone: | 1.15 x cost | Attendance at meetings and/or hearings | per Hour |
| Moiling: | 1.15 x cost | | |

## 4.0  COMPENSATION

Payment for services shall be made in full minus any previously received payment at the time when plans become ready for the submittal for permit approval.  The payment shall be made in the name of, and delivered to:

**Belcan Engineers.**
**480 Lytton Avenue, Suite 9**
**Palo Alto, CA 94301**

Statements for the work will be rendered monthly in proportion to the amount of the work completed. Bills unpaid after one month shall be subject to a 1.5% per month charge (18% annually).

## 5.0 TERMINATION

This Contract can be terminated only in writing at any time by either party. Client agrees that if the Client requests termination of the contract, final payment will be submitted to the Engineer no later than 48 hours from the contract termination date. In the event of termination, compensation will be required for all services performed up to the date of termination.

Should we be unable to complete of any portion of the work due to factors beyond our control, the work performed up to that point will become due and payable.

## 6.0 TERMS, CONDITIONS & LIMITATION OF LIABILITY

This agreement is the entire agreement between the undersigned parties and all prior discussions and negotiations are merged herein. This contract may only be modified in writing as mutually agreed by the Engineer and Client.

In performing this contract, Belcan Engineers will make certain assumptions regarding existing structures and conditions. Inasmuch as some assumptions will not be verified because of the cost involved or to avoid disruption or destruction of the property, the Engineer cannot warrant that the design will correspond to actual field conditions. Existing conditions which vary from design assumptions may require design alterations which may increase the budget and/or the design fee.

The Engineer shall not be liable for whatever is unseen at the site (underground utilities, obstructions, fossils, unusual framing, etc.). The Client shall hold the Engineer harmless in the event of such discovery.

All drawings, plans and other documents presented to the Client by the Engineer shall belong to the Engineer. The Engineer reserves all common law, statutory and other rights, including copyrights, to their designs and plans. The Client agrees not to use or reproduce in any form or disclose to any third parties the designs and plans provided under this contract without prior written permission from Engineer.

The Engineer shall not be responsible for the acts or omissions of other consultants, their agents or employees, or any other persons performing any of the Work or related activities.

The Client understands and agrees that the Engineer is not responsible for the means, methods or sequences of construction, job site safety, nor the contractors or sub-contractors errors.

To the maximum extent permitted by law, the Client agrees to limit Belcan Engineers liability for Client damages to the total fee for services rendered on this project. This limitation shall apply regardless of the cause of action or legal theory asserted.

We trust that the scope of work described above accurately reflects your needs. Should you find this proposal acceptable, we ask that you initial every page, sign your names under "ACCEPTED BY" section on this page, date and return one copy of this document, along with the retainer fee of $ 1,000 payable to "Belcan Engineers" to our office as your authorization to proceed.

We look forward to working with you on this project. Please call should you have any questions or wish to discuss any aspect of our proposal.

Yours very truly,

Zoran Milenkovic, PE
*Principal*
*Belcan Engineers*

**ACCEPTED BY:**

Mohammed Karwash
Name

Signature                                    Date    6 · 1 · 05

Name

Signature                                    Date

*2000084 Ontario Inc operating under business name Belcan Engineers is a corporation incorporated under the laws of the Province of Ontario since September 2000  Corporations Tax account number issued by the Ontario Ministry of Finance is 7261417.  Zoran Milenkovic is a licensed Civil Engineer in the State of California with license number 54656.*