IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELCAN ENGINEERS,<br><br>    Plaintiff,<br><br>  v.<br><br>MOHAMMED KARWASH, et al.,<br><br>    Defendants.<br>_____/ | No. C-09-2891 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SERVE DEFENDANT HASSAN C. IBRAHIM BY PUBLICATION; VACATING SEPTEMBER 16, 2011 HEARING** |

    Before the Court is plaintiff Belcan Engineers's ("Belcan") Objections, filed August 8, 2011, to the Report and Recommendation to Deny Motion for Service by Publication and Dismiss Defendant Ibrahim, filed July 27, 2011, by Magistrate Judge Elizabeth D. Laporte ("Report and Recommendation"). In said Report and Recommendation, Magistrate Judge Laporte recommends denial of Belcan's Motion to Serve Defendant Hassan C. Ibrahim ["Ibrahim"] by Publication, filed July 1, 2011 ("Motion"), and dismissal of said defendant from the action. On August 22, 2011, defendant Mohammed Karwash ("Karwash") filed opposition to plaintiff's Objections, and on August 29, 2011, Belcan filed a reply.

    Having read and considered the parties' respective written submissions, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for September 16, 2011, and rules as follows.

    In Belcan's reply, Belcan states it now has effected personal service on Ibrahim.

(See Reply at 2:10-12.) Consequently, to the extent the Motion requests, and the Report and Recommendation recommends denial of, service by publication, such request and recommendation are moot.

With respect to the remainder of the Report and Recommendation, specifically, that the action be dismissed as against Ibrahim, the Court first notes that the circumstances presented to the undersigned differ significantly from the circumstances pertaining at the time of the Report and Recommendation. At that time, Belcan was seeking an order affording it additional time to serve Ibrahim, and Judge Laporte found Belcan had not shown good cause for such relief. (See Report and Recommendation at 4:7-15.) As noted, however, circumstances have changed. Given Belcan's representation that Ibrahim has been served (see Proof of Service, filed August 23, 2011 (attesting to personal service on August 19, 2011)), the effect of a dismissal at this stage of the proceedings would be substantially more prejudicial to Belcan than would the dismissal of an unserved defendant.

Further, even in the absence of good cause for a delay in service, a court has "broad" discretion to grant an extension. See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). Where good cause has not been shown, courts consider such factors as "prejudice to the defendant" and "eventual service." See Efaw v. Williams, 473 F.3d 1038, 1040-41 (9th Cir. 2007). Here, Karwash has identified no prejudice that he or any other defendant will suffer as a result of an extension, and the record reflects service on Ibrahim no longer is an eventuality.

Accordingly, for the reasons stated above:

1. To the extent the Motion seeks leave to use publication as the method of service, said Motion is hereby DENIED as moot.

2. To the extent the Motion seeks an extension of time to serve Ibrahim, said Motion is hereby GRANTED IN PART, and the time for service of said defendant is hereby EXTENDED to August 19, 2011.

//

3. In light of the above, the Court declines to follow the recommendation for

dismissal.

**IT IS SO ORDERED.**

Dated: September 13, 2011

_____
MAXINE M. CHESNEY
United States District Judge